MONTAGUE PAPER COMPANY *vs.* NELSON BURROWS & others.

Franklin.    Sept. 19. — Oct. 21, 1876.    COLT & MORTON, JJ., absent.

The provision of the St. of 1875, *c.* 193, § 1, authorizing the construction of a high-
way and bridge across the Connecticut River at Turner's Falls, that "the expense
of the same shall not exceed the sum of forty-two thousand dollars," includes the
damages occasioned to the owners of lands by such construction.

BILL IN EQUITY, against the commissioners authorized by the
St. of 1875, *c.* 193, to construct a highway and bridge across
the Connecticut River at Turner's Falls, to restrain them from
taking land of the plaintiff for that purpose, and alleging, among
other things, that the cost of the highway and bridge with suita-
ble approaches thereto, including land damages, would exceed
the limit imposed upon the defendants by the statute.    The an-
swer admitted that the sum, to which the defendants were lim-
ited by the statute, would be insufficient to pay the expenses of
the highway and bridge, including the damage to private prop-
erty, necessary for the same.    The case was reserved on the bill
and answer by *Colt*, J., for the consideration of the full court.

*C. Allen*, for the plaintiff, was stopped by the court.

*S. O. Lamb & C. C. Conant*, for the defendants.

AMES, J.    The defendants are authorized and required by the
St. of 1875, *c.* 193, § 1, to proceed to lay out and construct, or
cause to be constructed, a substantial, convenient and safe high-
way and bridge, with suitable approaches thereto, across the Con-
necticut River, at Turner's Falls, provided the expense of the
same shall not exceed the sum of forty-two thousand dollars.    In
the next section of the act they are authorized to take and appro-
priate, for the purposes of said highway and bridge, the private
property of any persons or corporations, whose damages for such
taking are to be assessed according to the rules applicable in the
case of highways.    In the third section, it is provided that "the
expense of the construction of the aforesaid highway, bridge and
approaches," shall be paid in the first instance by the county of
Franklin, and authority is given to the treasurer of that county
to borrow money to an amount not exceeding the above named
sum.

The plain meaning of these provisions is that the entire expense of the intended highway, bridge and suitable approaches is in no event to exceed the sum of forty-two thousand dollars. The expense incurred by the appropriation of private property to the purposes of the act is a part of the cost of the improvement. *Damon* v. *Reading*, 2 Gray, 274. As it is admitted in the answer that the entire cost of the improvement, including land damages, will exceed the limit prescribed by the statute, the defendants cannot proceed with the work without violating the terms of the authority under which they assume to act.

*Decree for the plaintiff.*